**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CARL F. HANKINS,**

    **Plaintiff(s),**    **CASE NUMBER: 08-13191
               HONORABLE VICTORIA A. ROBERTS**

**v.**

**AEGIS FUNDING CORPORATION;
ACE SECURITIES CORPORATION HOME EQUITY
TRUST; OCWEN LOAN SERVICING, L.L.C.;
WILSHIRE CREDIT CORPORATION;
RESIDENTIAL FUNDING COMPANY, L.L.C.;
HONGKONG SHANGHAI BANKING
CORPORATION USA, N.A.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
and TROTT & TROTT, P.C.,**

    **Defendant(s).**
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

**I. INTRODUCTION**

  Before the Court is a *pro se* Motion for Preliminary Injunction. Plaintiff Carl F. Hankins requests that the Court "enjoin the disposal, execution on writ, sale or transfer" of certain real property pending the resolution of his underlying claim. (Prelim. Inj. Mot. ¶ 2.) Plaintiff's *pro se* Complaint asserts a claim of fraud under the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 et seq., but does not "state with particularity the circumstances constituting fraud" as required by the Rule 9(b) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court may dismiss the Complaint for failure to state a claim upon which relief may be granted. In the alternative, the Court may order Plaintiff to file a case statement

1

conforming to the requirements of Rule 9(b), treat the case statement as an amendment to the Complaint, and review the sufficiency of Plaintiff's claim at that time.

## II. BACKGROUND

On October 3, 2007, Plaintiff filed a *pro se* complaint against HSBC Bank USA and others, docket number 07-14212, which this Court dismissed on June 24, 2008. On July 24, 2008, Plaintiff filed the current *pro se* Complaint, but he neglected to inform the Court of his earlier claim. As a result, this case was assigned to Judge Cleland, then transferred here. In the interim, on August 5, 2008, Judge Cleland granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff now moves for a preliminary injunction on the underlying Complaint.

This case concerns property at 18196 Vacri Lane, in Livonia, Michigan ("the Property"), which Plaintiff allegedly purchased on February 8, 2006, giving Aegis Funding Corp. ("Aegis") two separate mortgages of $235,200.00 and $ 58,800.00 respectively. Plaintiff alleges that Aegis transferred both mortgages to "defendant America's Servicing Corporation" or "Company." No such entity is listed among the Defendants in this action. From there, Plaintiff alleges that the mortgages were transferred successively to Defendant Ocwen Loan Servicing, L.L.C., Defendant Wilshire Credit Corp., Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), and finally to Defendant Hongkong Shanghai Banking Corp. USA ("HSBC"), as trustee on behalf of Defendant Ace Securities Corp. Home Equity Loan Trust.

Plaintiff states that on October 25, 2006, "a Sheriff's sale was held" in Detroit. Plaintiff does not identify the object of the sale, but it appears to have been the Property. Plaintiff claims that the documents presented at this sale identified "the

2

mortgagee and promisee as someone other than the original lender," and argues that the defending parties did not have standing to foreclose on the Property.

In support of his case, Plaintiff cites *In re Foreclosure Cases*, Nos. 07-2282 et al., 2007 U.S. Dist. LEXIS 84011 (N.D. Ohio Oct. 31, 2007), included as Exhibit A to both the Complaint and the Motion for Preliminary Injunction. In *In re Foreclosure Cases*, the court dismissed a series of foreclosure actions upon finding that the plaintiff-lenders lacked proper standing under Article III of the United States Constitution. *Id.* at *2-3. The court reasoned that, because the plaintiffs could not establish a chain of title to the foreclosed loans, they did not meet the "actual injury" requirement of Article III. *Id.* (*citing Coyne v. American Tobacco Company*, 183 F. 3d 488, 494 (6th Cir. 1999); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)). Plaintiff argues that Defendants did not establish a chain of title to the loans on the Property, and therefore they should not have been allowed to foreclose upon them. He contends that by their actions, Defendants

> organized performed and participated in [what amounts to - when carried out defendants acting together] an unlawful and illegal enterprise for the purpose of victimizing and defrauding plaintiff - members of the public at large, who are mortgage holders and every (sic) hardworking people who own or rather are in the process of owning their homes.

(Compl. ¶ 30. (brackets in original)).

Plaintiff's motion for Preliminary Injunction alleges that Defendant Trott & Trott filed an action in 16th District Court for possession and immediate restitution of the Property, and that this will cause him immediate and irreparable harm. Plaintiff requests that the Court "enjoin the disposal, execution on writ, sale or transfer" of the Property pending resolution of the underlying case.

3

## III. ANALYSIS

Count Two of the Complaint (there is no Count One) alleges that Defendants violated section 1962(c) of RICO. Private individuals who suffer an injury in their business or property from conduct violating 18 U.S.C. § 1962 may seek relief in United States district court. 18 U.S.C. § 1964(c). However, a court may summarily dismiss a claim filed *in forma pauperis* at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("If the complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint").

In reviewing *pro se* complaints, the Court must pay special heed to its obligation to "construe all pleadings so as to do justice." FED. R. CIV. P. 8(e). "A document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *See also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Nevertheless, a *pro se* complaint must still meet basic pleading essentials, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and may be dismissed for failure to state a claim if it does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

RICO imposes criminal and civil liability on anyone who engages in certain "prohibited activities" identified in 18 U.S. C. §1962(a)-(d). Specifically, liability may be imposed on any person:

> [1] who uses or invests income derived "from a pattern of racketeering activity or through collection of an unlawful debt" to acquire an interest in or to operate an enterprise engaged in interstate commerce, §1962(a); [2] who acquires or maintains an interest in or control of such an enterprise "through a pattern of racketeering activity or through collection of an unlawful debt," §1962(b); [3] who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs "through a pattern of racketeering activity or collection of unlawful debt," §1962(c); [4] or, finally, who conspires to violate the first three subsections of §1962, §1962(d).

*H.J. Inc. v. Northwestern Bell Telephone Company,* 492 U.S. 229, 232-233 (1989). In order to state a claim under §1962(a)-(c), a plaintiff must plead

> (1) that a defendant "person," (2) through the commission of predicate criminal acts which constitute a "pattern" of "racketeering activity", (3) directly or indirectly invests in, or maintains an interest in, or participates in, (4) an "enterprise", the activities of which, (5) affect interstate or foreign commerce.

*DeLorean v. Cork Gully,* 118 B.R. 932, 940 (E.D. Mich. 1990). The statute defines "racketeering activity" as "'any act or threat involving' specified state-law crimes, any 'act' indictable under various specified federal statutes, and certain federal 'offenses.'" *H.J. Inc.* at 232 (*quoting* 18 U.S.C. § 1961(1)).

Plaintiff seems to allege that Defendants' "racketeering activity" consisted of transferring mortgages to the Property between them so as to "defraud" and "cheat [him] out of his home." (Compl. ¶ 31.) Mail or wire fraud are both racketeering activities, or "predicate acts," for RICO purposes. *See* § 1961(1)(B); 18 U.S.C. §§ 1341, 1343. The Sixth Circuit held that plaintiffs asserting mail or wire fraud claims under

5

RICO must abide by the pleading requirements of FED. R. CIV. P. 9(b) and "state with particularity the circumstances constituting fraud." *See Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984). At a minimum, this requires alleging the time, place and contents of the allegedly fraudulent misrepresentations. *Id.*

When reviewed with the generosity due a *pro se* plaintiff, the Complaint states the place (Livonia, Michigan) and the time period during which the alleged scheme took place (from February 8, 2006, when Plaintiff bought the Property, until the Sheriff's sale in October 25, 2006). (Compl. ¶¶13-19.) However, nowhere does Plaintiff describe or even allude to the contents of any misrepresentations upon which he may have relied. The act of transferring Plaintiff's mortgages between Defendants is not, by itself, a fraudulent act, even if it has the effect of blurring the chain of title. For this reason, the Complaint falls short of pleading with particularity the nature of Defendants' alleged racketeering activities and fails to state a RICO claim for which relief may be granted.

## IV.   CONCLUSION

The allegations in Plaintiff's Complaint are insufficient to properly state a claim for either mail or wire fraud under the RICO. Under the authority of 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES Plaintiff's Complaint.

**IT IS ORDERED.**

> s/Victoria A. Roberts
> **Victoria A. Roberts**
> **United States District Judge**

**Dated:  September 12, 2008**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Carl F. Hankins by electronic means or U.S. Mail on September 12, 2008.**
>
>     <u>**s/Carol A. Pinegar**</u>
>     **Deputy Clerk**